IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADNAN BAWANAH, | ) | |
| | ) | |
| | ) | |
|      Plaintiff, | ) | |
| v. | ) | Civil Action No. 7:14-CV-31 |
| | ) | |
| FRANK REFFEL, Field Office | ) | |
| Director, U.S. Citizenship and | ) | By: Robert S. Ballou |
| Immigration Services | ) | United States Magistrate Judge |
|      Defendant. | ) | |

## REPORT AND RECOMMENDATION

  Plaintiff, Adnan Bawanah ("Bawanah"), appeals the decision of the office of the United States Citizenship and Immigration Services ("USCIS") denying his application for naturalization. The single issue raised in Bawanah's appeal is whether his 2007 convictions for trafficking in counterfeit cigarettes constitute aggravated felonies or unlawful acts that adversely reflect on his moral character, and thus disqualify him from naturalization. I have considered the USCIS motion for summary judgment, (Dkt. 11), the memoranda of counsel, and all applicable law and **RECOMMEND** that the motion for summary judgment be **GRANTED**.

## FACTUAL BACKGROUND

  Bawanah is a Jordanian citizen who first entered the United States as a visitor on December 17, 1993. On April 1, 1996, Bawanah married an American citizen and became a lawful permanent resident on March 5, 1998. Bawanah has two children who were born in the United States and are natural citizens. In July 2007, Bawanah and his spouse divorced and he later moved to Roanoke, Virginia, to be closer to his children.

1

In December 2007, Bawanah pled guilty in the United States District Court for the Central District of California to conspiracy and trafficking in contraband cigarettes in violation of 18 U.S.C. §§ 371 and 2342(a). The facts supporting the convictions established that in or around April 2002, Bawanah operated Tobacco 2 Go, Inc. in California with co-defendant Adel Shahin ("Shahin"). Bawanah and Shahin sold cigarettes at a retail store and maintained a warehouse for the storage and distribution of additional cigarettes. At all times during Bawanah's criminal activity, California required the payment of a state cigarette tax of $.87 per pack of 20 individual cigarettes. Upon payment of this tax, the cigarette packs were stamped to show proof of payment. Bawanah and Tobacco 2 Go, Inc. never purchased any cigarette tax stamps from California and reported the receipt of less than 50,000 untaxed cigarettes. However, Tobacco 2 Go, Inc. actually received 43,200,000 untaxed cigarettes, some of which Bawanah sold to other distributors in California. Some of the untaxed cigarettes had no tax stamps and some bore counterfeit tax stamps. In sum, Bawanah evaded $400,896 in taxes through his criminal scheme. He was sentenced to three years of probation and ordered to pay $400,896 in restitution.[1] Bawanah has incurred no additional criminal convictions.

On August 2, 2012, Bawanah filed an application for naturalization which was denied on May 15, 2013, because of the convictions in California. USCIS determined Bawanah ineligible for naturalization because the crimes were aggravated felonies or unlawful acts preventing him from proving his good moral character. Bawanah contested this determination and requested an administrative hearing on the denial of his application. On September 30, 2013, USCIS affirmed

---

[1] On October 10, 2010, Bawanah filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See United States v. Bawaneh, Nos. CV 10-7805, CR04-1134, 2011 WL 6176387 (C.D. Cal. Dec. 13, 2011). On December 13, 2011, Bawanah's motion to vacate his sentence was denied. Id. However, the court did correct a typographical error on the first page of his judgment, amending count two to reflect a conviction under 18 U.S.C. § 2342 (trafficking in contraband cigarettes). This correction had no substantive effect on Bawanah's convictions.

2

its decision denying the application. USCIS held a second review hearing on March 10, 2015, and on March 25, 2015, reaffirmed the earlier decision denying Bawanah's naturalization application.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party." Cox v. Cnty. of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). At the summary judgment stage, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The Immigration and Nationality Act requires that an applicant for citizenship must (1) be a lawful permanent resident who has resided in the United States continuously for a minimum of five years, (2) reside in the United States continuously from the time of his application until he is granted citizenship, and (3) demonstrate that he "has been and still is a person of good moral character" for the statutory period. 8 U.S.C. § 1427(a); Sharma v. Taylor, 50 F. Supp. 3d 749, 752 (E.D. Va. 2014). An applicant denied naturalization may request a hearing before an immigration officer, and if the denial is upheld, the applicant "may seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c). "Courts review a decision denying a naturalization application *de novo*." Phan v. Holder, 667 F.3d 448, 452 (4th Cir. 2012) (citing 8 U.S.C. § 1421(c)); Etape v. Chertoff, 497 F.3d 379, 390–91 (4th Cir. 2007) (Hamilton, J., dissenting)). Bawanah has the burden of proof for these issues, including establishing his good moral character by a preponderance of the

3

evidence. 8 C.F.R. § 316.2(b); Abusamhadaneh v. Taylor, 873 F. Supp. 2d 682, 716 (E.D. Va. 2012); but see El-Ali v. Carroll, 83 F.3d 414 (4th Cir. 1996) (requiring proof by clear and convincing evidence).

The INA provides that "[n]o person shall be regarded as . . . a person of good moral character who, . . . at any time has been convicted of an aggravated felony." 8 U.S.C. § 1101(f)(8). Additionally, any person who has committed or been convicted of "unlawful acts that adversely reflect upon the applicant's moral character" without a showing of extenuating circumstances "shall be found to lack good moral character." 8 C.F.R. §316.10(b)(3)(iii). Any doubts as to an applicant's qualifications for naturalization "should be resolved in favor of the United States and against the claimant." Berenyi v. Dist. Dir., INS, 385 U.S. 630, 637 (1967).

## ANALYSIS

The singular issue presented is whether Bawanah's 2007 convictions in California constitute "aggravated felonies" or "unlawful acts" that would preclude him from becoming a naturalized United States citizen.

1. **Aggravated Felonies**

An "aggravated felony" for immigration purposes is defined, in part, as "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" (8 U.S.C. § 1101 (a)(43)(M)(i)) or "an attempt or conspiracy to commit" such an offense. 8 U.S.C. § 1101 (a)(43)(U).[2] The term "involves fraud or deceit" is "not limited to offenses that include fraud or deceit as formal elements. Rather, [the clause] refers more broadly to offenses that 'involv[e]' fraud or deceit – meaning offenses with elements that necessarily entail fraudulent or deceitful conduct." Kawashima v. Holder, 132 S. Ct. 1166, 1172 (2012) (holding that convictions for

---

[2] There are many aggravated felonies outlined in this code section. However, the only provisions relevant here are found at 8 U.S.C. §§ 1101(a)(43)(M)(i) and (a)(43)(U).

4

willfully filing false tax returns constitute aggravated felonies under 8 U.S.C. § 1101(a)(43)(M)(i) because the elements of the offense required proof of a materially false statement made under oath). Kawashima directs a reviewing court to take a categorical approach and "look[] to the statute defining the crime of conviction, rather than to the specific facts underlying the crime" to determine whether an offense "involves" fraud or deceit. Kawashima, 132 S. Ct. at 1172. That is, if the "elements of the offense[] establish that [Bawanah] committed crimes involving fraud or deceit," then he has committed an aggravated felony. Id.

Here, Bawanah was convicted of: (1) a violation of 18 U.S.C. § 2342(a) (trafficking) and (2) a violation of 18 U.S.C. § 371 (conspiracy). Section 2342(a) states, "[i]t shall be unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes." "Contraband cigarettes" (at the time of Bawanah's conviction) were defined as a quantity of cigarettes that exceeded 60,000 individual cigarettes bearing no state or local tax stamp as required by the relevant authority. 18 U.S.C. §§ 2341–42. Two elements make up Bawanah's crime of conviction: (1) shipping, transporting, receiving, possessing, selling, distributing, or purchasing (2) contraband cigarettes. Neither element of this offense involves fraud or deceit. A person convicted of this offense could have openly possessed or sold contraband cigarettes without making any type of false statement or creating any sort of deception.

Bawanah's behavior underlying his conviction involved misrepresenting the truth about his tax payments when he sold and distributed cigarettes with counterfeit tax stamps. He also gave a false statement to the State of California when he reported he had received only 50,000 untaxed cigarettes but had actually received 43,200,000 such cigarettes. However, the Supreme Court's direction in Kawashima requires that I look not to this deceitful conduct, but to the

5

elements of the crimes of conviction, to determine whether a conviction "involves" fraud or deceit.

In Kawashima, the defendants were convicted of violating 26 U.S.C. § 7206(1) which prohibited: (1) willfully making (2) any tax return, statement, or document (3) under penalty of perjury (4) that the signer does not believe to be true and correct (5) as to every material matter. Kawashima, 132 S.Ct at 1172. The elements of the Kawashimas' crimes did not explicitly require "fraud" or "deceit;" however, the Supreme Court found that making a false statement that one does not believe to be true does "necessarily entail fraudulent or deceitful conduct." Id; see also Swaby v. United States, No. CIV. WDQ-15-857, 2015 WL 5038464, at *6 (D. Md. Aug. 24, 2015) (holding that trafficking in counterfeit consumer goods in violation of 18 U.S.C. § 2320(a)(2) was a conviction involving fraud or deceit because the statute required the defendant to intentionally confuse, cause a mistake, or deceive); cf. Worrell v. Attorney Gen. of U.S., 501 F. App'x 182, 185 (3d Cir. 2012) (holding that possession of stolen mail is not a crime involving fraud or deceit because the defendant was charged and convicted under a clause of 18 U.S.C. § 1708 that did not require fraudulent or deceitful conduct, but merely prohibited knowingly buying, receiving, concealing, or possessing any mail item that one knew had been stolen).

Proof of trafficking counterfeit cigarettes under 18 U.S.C. § 2342 does not require showing that Bawanah engaged in any deceitful or fraudulent acts. The statute simply prohibits selling or possessing untaxed cigarettes. I find, therefore, that Bawanah's conviction for trafficking in contraband cigarettes is not an aggravated felony under 8 U.S.C. § 1101 (a)(43)(M)(i).

   2. **Unlawful Acts**

An applicant who commits unlawful acts that reflect negatively upon his moral character may be disqualified from citizenship. The Code of Federal Regulations provides that

6

> Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant . . . [c]omitted unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2).

8 C.F.R. §316.10 (b)(3)(iii). The statutory period applicable to Bawanah is the "five years immediately preceding" the filing of his naturalization application. 8 U.S.C. § 1427(a). Bawanah submitted his naturalization application on August 12, 2012, and his statutory period runs from August 12, 2007. Therefore, his convictions (which were entered on December 10, 2007) fall within the statutory period. 8 C.F.R. §316.10 (b)(3)(iii).

Courts define the term "unlawful acts" (as used in the present context) to mean "bad acts that would rise to the level of criminality, regardless of whether a criminal prosecution was actually initiated." Etape v. Napolitano, 664 F. Supp. 2d 498, 507 (D. Md. 2009) (holding in part that knowingly making a false statement on a naturalization application was an unlawful act barring a finding of good moral character) (quoting Meyersiek v. United States Citizenship & Immigration Servs., 445 F.Supp.2d 202, 205 (D.R.I. 2006) (holding that making false statements in support of a disability insurance claim was an unlawful act)); see also Jean-Baptiste v. United States, 395 F.3d 1190, 1194 (11th Cir. 2005) (affirming the lower court's conclusion that the commission of a drug trafficking offense prior to naturalization was an unlawful act, even though the petitioner was not convicted of his crime until after he was naturalized). Good moral character is to be evaluated on a case-by-case basis, taking into account 8 C.F.R. § 316.10 and the standards of the average citizen in the community of residence. 8 C.F.R. § 316.10(a)(2). "Doubts with respect to Petitioner's good moral character must be resolved against him and in favor of the INS." Iqbal v. Bryson, 604 F. Supp. 2d 822, 827 (E.D. Va. 2009); see also Berenyi,

7

385 U.S. at 636 (holding that any doubts regarding an applicant's eligibility for naturalization should be resolved in favor of the government and against an applicant).

Here, Bawanah was convicted for unlawfully trafficking counterfeit cigarettes within the five-year period immediately preceding his naturalization application. His conviction and the circumstances surrounding his crime adversely reflect upon his moral character. Bawanah misrepresented the tax payments he made and lied to the State of California regarding the number of untaxed cigarettes he received. I find that the facts underlying Bawanah's criminal actions adversely reflect upon his moral character, and therefore, he cannot show the good moral character required by the Act. While Bawanah may have committed the acts prior to the statutory period, he was convicted of his crimes within the statutory period.

Bawanah has not offered sufficient evidence to overcome the adverse evidence of his moral character. Bawanah claimed during his immigration interview that he did not know the cigarette taxes had not been paid, but admitted during the same interview that he was guilty of the offenses as charged and noted he had successfully completed his term of probation. Bawanah's assertions during the USCIS interview are themselves contradictory; they also conflict with the factual admissions made in his guilty plea when he acknowledged that he was aware of the unpaid taxes and admitted his involvement in trafficking counterfeit cigarettes. See Def.'s Br. Supp. Summ. J, Ex. B, Dkt. No. 12-2, 5. Bawanah made a knowing and voluntary plea to the cigarette trafficking crimes and admitted to a factual basis supporting his guilty plea. He cannot now claim that he had no knowledge of the activities underlying his convictions as an extenuating circumstance to excuse his unlawful acts.

It is my recommendation that USCIS is entitled to summary judgment in this case because there is no genuine dispute as to any of the material facts. Bawanah admits in his

complaint that he "plead guilty to conspiracy in violation of 18 U.S.C. § 371 and trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342(a)." Compl. 2. Bawanah also admits that "[t]hese offenses relate to my evasion of California cigarette tax by selling cigarettes bearing no or counterfeit tax stamps," and that he was "sentenced to three years of probation and ordered . . . to pay restitution." Id. In his response to the motion for summary judgment, Bawanah additionally admits his convictions were for unlawful acts. Pl.'s Br. Opp. Summ. J. 7. The facts stated by USCIS do not present any contradictory evidence; instead, they serve to clarify and support Bawanah's description of his convictions. Even viewing the facts in the light most favorable to Bawanah, there is no genuine dispute as to his criminal history and the facts of this case. For the reasons stated, I find that Bawanah's convictions constitute unlawful acts which negatively reflect upon his moral character during the relevant period, and thus, disqualify him from naturalization.

## CONCLUSION

Bawanah's convictions for violating 18 U.S.C. § 317 and 18 U.S.C. § 2342(a) are unlawful acts within the statutory period that preclude him from establishing the good moral character required for naturalization. Therefore, I recommend USCIS's motion for summary judgment be **GRANTED** and that the decision denying Bawanah's naturalization application be **AFFIRMED**.

The Clerk of the Court is **DIRECTED** immediately to **TRANSMIT** the record in this case to the Honorable Michael F. Urbanski, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by

9

law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636 (b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The clerk shall send a copy of this report and recommendation to plaintiff and to counsel of record for the defendant.

Enter: November 9, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge