CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 1 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ADNAN BAWANAH, )
)
    Plaintiff, )
) Civil Action No. 7:14cv31
v. )
)
FRANK REFFEL, Field Office ) By: Michael F. Urbanski
Director, U.S. Citizenship ) United States District Judge
and Immigration Services )
    Defendant. )

## MEMORANDUM OPINION

Adnan Bawanah is a lawful permanent resident of the United States appealing a decision of the United States Citizenship and Immigration Services ("USCIS") to deny his application for naturalization. Bawanah's appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. ECF No. 10. The magistrate judge filed a report and recommendation on November 9, 2015, recommending that USCIS's motion for summary judgment be granted and USCIS's decision denying Bawanah's naturalization be affirmed on the grounds that Bawanah lacked good moral character during the statutory period. ECF No. 21. While prevailing in the result, USCIS nonetheless objects to the magistrate judge's recommendation rejecting USCIS's alternative argument that his prior convictions for contraband cigarette trafficking and conspiracy are aggravated felonies. This matter is now ripe for review on that issue.

I.

Fed. R. Civ. P. 72 (b) permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The United States Court of Appeals for

1

the Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S.Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *'those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'").

2

Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered general objections to the entire report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A party who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

II.

In order to show that he qualifies for naturalization, Bawanah must show he is a person of good moral character during the statutory period. 8 U.S.C. § 1427(a); Sharma v. Taylor, 50 F. Supp. 3d 749, 752 (E.D. Va. 2014). The statutory period is the five years prior to a naturalization application. 8 U.S.C. § 1427(a). Because Bawanah filed his naturalization application on August 12, 2012, his statutory period dates back to August 12, 2007. During this period, and specifically on December 10, 2007, Bawanah was convicted in federal court in California of conspiracy and trafficking contraband cigarettes in violation of 18 U.S.C. §§ 371, 2342.

3

USCIS argues that Bawanah's felony convictions involving contraband cigarette trafficking qualify as both unlawful acts under 8 C.F.R. § 316.10(b)(3)(iii) and aggravated felonies under 8 U.S.C. §1101(f)(8), disqualifying him from naturalization. 8 C.F.R. § 316.10(b)(3)(iii) explains that the "applicant shall be found to lack good moral character if, during the statutory period, the applicant: (iii) Committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts." 8 U.S.C. § 1101(a)(43)(M)(i) defines aggravated felonies as, among other things, "an offense that -- involves fraud or deceit in which the loss to the victim exceeds $10,000."

The magistrate judge found that Bawanah's convictions constituted unlawful acts and recommended that the court uphold USCIS's decision denying Bawanah's application for naturalization. ECF No. 21 at 9. At the same time, the magistrate judge did not find Bawanah's prior convictions to be aggravated felonies because they do not categorically involve fraud or deceit. ECF No. 21 at 6. USCIS has objected to the aggravated felonies portion of the magistrate judge's report and recommendation.

For the reasons set forth below, the court **ADOPTS IN FULL** the magistrate judge's report and recommendation and **AFFIRMS** USCIS's decision denying Bawanah's naturalization application on the grounds of his commission of unlawful acts. However, because the statutory elements of conspiracy and contraband cigarette trafficking include actions not involving fraud or deceit, Bawanah's prior convictions are not properly considered to be aggravated felonies.

A.

In its objection to the magistrate judge's findings, USCIS "reasserts the arguments in his memorandum of law that the plaintiff's convictions are aggravated felonies, and asks the court to reject the Magistrate Judge's finding that they are not aggravated felonies for the reasons asserted in the Defendant's memorandum of law." ECF No. 22 at 1. Because this objection merely restates

4

USCIS's argument before the magistrate judge, and reconsideration of USCIS's arguments would duplicate the work already performed by the magistrate judge, USCIS's objection is a general objection, having the same effect as a failure to object. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As such, the objection may be overruled for that reason alone.

Nevertheless, the court has considered the substance of the issue and agrees with the magistrate judge's application of the categorical approach articulated in Kawashima v. Holder, 132 S.Ct. 1166 (2012), to defendant's 18 U.S.C. §§ 371 and 2342(a) convictions. The categorical approach allows a court to look only to the elements of the crime for which the defendant was convicted, rather than the individual defendant's behavior underlying the conviction. Kawashima, 132 S.Ct. at 1172. The magistrate judge correctly concluded that the elements for trafficking contraband cigarettes and conspiracy to traffic contraband cigarettes encompass conduct beyond fraud or deceit. While Kawashima teaches that the categorical approach is not limited to an assessment of formal elements, it is plain from the statute that one can violate § 2342(a) in ways that transcend fraud and deceit. For example, § 2342(a) makes it unlawful for a person to knowingly "ship, transport, receive, possess, sell, distribute or purchase contraband cigarettes." Because the crimes of knowing possession, transportation or purchase of contraband cigarettes do not require proof of fraud and deceit, even as broadly as those terms were defined in Kawashima, the magistrate judge properly concluded that Bawanah's prior convictions do not qualify as aggravated felonies as defined in 8 U.S.C. §§ 1101(a)(43)(M)(i) and (a)(43)(U).

B.

In its objection, USCIS also "notes that while the burden of proof is on the government to prove a charge of removability against an alien, when the same alien seeks an immigrant benefit, such as naturalization, the burden is on the alien." ECF No. 22 at 2. To the extent this is an objection, it is a general objection as it fails to specify any deficiency in the report and

5

recommendation. Further, the report and recommendation plainly states that "Bawanah has the burden of proof for these issues, including establishing his good moral character by a preponderance of the evidence. 8 C.F.R. § 316.2(b); Abusamhadaneh v. Taylor, 873 F. Supp 2d. 682, 716 (E.D. Va. 2012); but see El-Ali v. Carroll, 83 F.3d 414 (4th Cir. 1996) (requiring proof by clear and convincing evidence)." ECF No. 21 at 3-4. Thus the magistrate judge acknowledged Bawanah's burden and applied the proper standard in reaching his conclusion.

C.

Without stating an objection or making an argument, USCIS asks the court to consider the following language from the opinion of the court in the Central District of California on Bawanah's federal habeas petition alleging ineffective assistance of counsel for failure to advise him of adverse immigration consequences of his guilty plea. U.S. v. Bawaneh, 2011 WL 6176387 at *2 (C.D. Cal. 2011). "Petitioner asserts that the deportation statutes relevant to the instant case are equally succinct, clear, and explicit. Mot. at 6. (citing 8 U.S.C. §§ 1227(a)(2)(a)(iii), 1229b(a)(3), 1182(a)(2)(A)(i)(I))." Id. Although not clearly stated, the court assumes that USCIS is suggesting that in his California habeas petition, Bawanah conceded that his conviction was an aggravated felony. The court has reviewed Bawanah's 2010 California habeas petition, memoranda and supporting materials. Regardless of the position taken by Bawanah's counsel in the habeas proceeding, the court is required to apply a categorical approach and determine whether convictions for contraband cigarette trafficking and conspiracy under 18 U.S.C. §§ 2342(a) and 371 necessarily involve elements including fraud or deceit. Because they do not, Bawanah's prior convictions are not aggravated felonies as that term is defined in 8 U.S.C. §§ 1101(a)(43)(M)(i) and (a)(43)(U).

III.

Despite the insufficiency of the USCIS objection, the court has reviewed the report and recommendation and considered USCIS's filing. The court finds the magistrate judge was correct in

6

concluding that Bawanah's convictions for violating 18 U.S.C. §§ 2342(a) and 371, while not aggravated felonies, are unlawful acts within the statutory period that preclude him establishing the good moral character needed for naturalization. As such, the magistrate judge's report and recommendation denying Bawanah's appeal will be adopted in its entirety.

An appropriate order **ADOPTING** the report and recommendation and **DISMISSING** this case will be entered.

Entered: 02-11-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge